SUCESIÓN J. SERRALLÉS, Petitioner and Appellees, *v.* R. SAN-CHO BONET, TREASURER OF PUERTO RICO, Respondent and Appellant.

No. 7182. Argued March 8, 1938.—Decided April 20, 1938.

(see 52 P.R.R. 473).

B. *Fernández García,* Attorney General, and *R. Cordovés Arana.* *Assistant Attorney General* for appellant. *F. Parra Capó, F. Parra Toro,* and *Leopoldo Tormes García* for appellees.

ON REHEARING

MR. JUSTICE WOLF delivered the opinion of the court.

The facts involved in this case are set forth at length in our main opinion of January 18, 1938, 52 P.R.R. 473. In brief, we decided that the taxpayer, Sucesión J. Serrallés, was entitled to receive from the Treasurer the sum of $24,367.43 plus interest thereon at the annual rate of 6 per cent, from February 26, 1926, to April 18, 1934.

On February 7, 1938, the taxpayer filed a so-entitled motion to clarify and reconsider the judgment in which it

pointed out that on the date of the filing of the present petition for mandamus in the lower court, October 12, 1934, the petitioner owed the Treasurer of Puerto Rico the sum of $34,951.73 plus interest at 12 per cent from September 15, 1934, to the date of the filing of the petition; that it had been admitted by the Treasurer, in his answer, that the Sucesión Serrallés, by letter of October 9, 1934, had requested a set-off with regard to the mutual obligations between the parties; that in the prayer for relief, the taxpayer had primarily sought this set-off and the return of any excess balance, but that the district court had apparently inverted the terms of the relief pursued and had rendered a judgment ordering the absolute return to the petitioner of certain sums, or their set-off. Taxpayer maintains that in affirming the form of said judgment, although we modified the amount, this court demanded of the Treasurer, from a legal standpoint, an impossible act.

Furthermore, the taxpayer insists that the effect of our judgment should be made retroactive to October 12, 1934, the date of the filing of the original petition, so as to prevent the Treasurer from benefiting by his action in refusing the set-off requested by the taxpayer. In other words, the taxpayer contends that it is inequitable to permit the Treasurer to charge 12 per cent interest on the amount owed to him since September 15, 1934, while he refused to set-off or compensate this amount from the sum which this court has now found was due from the Treasurer to the same taxpayer since April 18, 1934. The Sucesión Serrallés maintains that section 64(a) of Act No. 74 of 1925 (Session Laws, p. 400) gives it a right to the set-off.

The Treasurer of Puerto Rico has filed no brief in opposition to these propositions. In support of the contention to the effect that the Treasurer cannot legally comply with the form of the judgment of the District Court of Ponce as modified by this court, petitioner cites section 124 of the Political

Code and section 64(a) of Act No. 74 of 1925, *supra.* These provisions read:

"Section 124.—No money shall be paid to any person for his compensation, or to any claimant in satisfaction of any claim or demand against the Insular Treasury, where such person or claimant is indebted and in arrears to The People of Porto Rico and is charged therewith upon the books of the Auditor, until he has accounted for and paid to the Treasurer of Porto Rico all sums for which he may be liable: *Provided,* That upon good cause shown and where the interests of the Insular Government will be benefited thereby, necessary payments of compensation or salary due to persons in arrears to The People of Porto Rico, and who are retained in the employment of the Insular Government, may be made upon the recommendation of the Auditor and the approval of the Governor.

"In all cases where the pay or salary of any person, or an amount found due on any claim or demand against The People of Porto Rico, is withheld in pursuance of this section, it shall be the duty of the Auditor to set-off and credit the amount so withheld against the indebtedness of the party in arrears, or so much as may be required to satisfy and extinguish such indebtedness."

"Section 64(a).—Where there has been an overpayment of any income or excess-profits tax imposed by this Act, or by Income Tax Act No. 59 of 1917, Income Tax Act No. 80 of 1919, and Income Tax Act No. 43 of 1921, or any such Act as amended, the amount of such overpayment shall be credited against any income or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer.

"When a payment has been made of any income or excess-profits tax under the Income Act No. 43 of 1921, as amended, for the calendar year 1924, or for any fiscal year ending in 1925, the amount of such payment shall be credited to any income or excess-profits tax then owed by the taxpayer pursuant to the provisions of this Act or of the acts hereinbefore amended in this subdivision or any amendment thereof, and any balance of such excess shall be immediately reimbursed to the taxpayer."

From a study of the above sections, we are of the opinion that the Treasurer could not properly comply with the primary order contained in the judgment, and although we

think that the second alternative would then automatically have become the only ruling, we now primarily order the Treasurer to set-off the amounts referred to in our opinion and judgment of January 18, 1938, from the amount owing to the Treasurer by the Sucesión Serrallés.

We likewise hold that inasmuch as we have reached the conclusion that the Treasurer of Puerto Rico should pay the Sucesión Serrallés the sum of $24,367.43 plus interest at 6 per cent per annum from February 26, 1926, to April 18, 1934, and that the taxpayer had a right to set-off under the law, such decision should be made effective as of October 12, 1934, when the original petition for mandamus was filed. It is a fact that the taxpayer has been deprived of that total amount since April 18, 1934, by the deliberate, but explicable, action of the Treasurer. We hold that both parties had a right to await the outcome of this litigation without prejudice to their respective positions at the time of its inception.

The judgment of the District Court of Ponce is therefore modified so as to order the Treasurer of Puerto Rico to set-off the $34,951.73, plus interest at 12 per cent from September 15, to October 12, 1934, due from the Sucesión Serrallés, against the $24,367.43, plus interest at 6 per cent from February 26, 1926, to April 18, 1934, due from the Treasurer to the taxpayer, and to return any excess there may be to the petitioner.